C JI4 7104 –

Gw·ntn

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

THERESSA L. TAYLOR,                  )
                  Plaintiff,      )
                              )
v.                                   )   Case No.: _____
                              )
TRAVELERS HOME & MARINE INS. CO.,    )
                              )
                 Defendant.      )

CJ 2014-7104

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 31 2014

TIM RHODES
COURT CLERK

35.

### PETITION

COMES NOW the Plaintiff Theressa L. Taylor, (f/k/a Theressa Cox), by and through her counsel of record, and for her causes of action against the Defendant, Travelers Home & Marine Ins. Co., alleges and states as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff is a resident of Oklahoma City, Oklahoma County, Oklahoma.

2.     Defendant was and is a foreign insurer licensed to transact and conduct business in the State of Oklahoma.

3.     The events which give rise to this lawsuit occurred in Oklahoma County, Oklahoma.

4.     The District Court in and for Oklahoma County has jurisdiction over the parties hereto and the subject matter of this action, and venue is proper under 12 O.S. §§ 137, 187.

## FACTS

5.     Plaintiff sustained bodily injuries in an automobile accident that occurred on April 26, 2012 when a hit-and-run driver stuck Plaintiff's vehicle from the rear then fled the scene.

6.     At the time of the accident, Plaintiff was an "insured" of Defendant for uninsured motorist, ("UM"), and medical payments, ("med-pay") coverage through an automobile policy issued to Jim Cox, Policy No. 985472015-1011.

7.     Plaintiff notified Defendant of the motor vehicle accident shortly after the accident.

8.     Upon information and belief, Defendant opened a UM and a med-pay claim for Plaintiff.

9.     As a direct result of the subject motor vehicle accident, Plaintiff has received medical treatment for which charges exceed five thousand dollars, ($5,000.00), the policy limit for med-pay.

10.     Plaintiff complied with Defendant's claims investigation for this loss, including but not limited to providing Defendant and/or its agents with a medical authorization, medical provider list and Defendant's requested claim forms.  In addition, Plaintiff provided Defendant with copies of the medical bills and records relating to the treatment she received as a result of the subject motor vehicle accident.

11.     Defendant has paid Plaintiff's UM claim but continues to refuse payment on Plaintiff's med-pay claim.

2

## PLAINTIFF'S FIRST CAUSE OF ACTION:
### *BREACH OF INSURANCE CONTRACT*

12.    Plaintiff repeats, re-alleges and incorporates by reference each allegation set forth herein.

13.    Plaintiff is an insured under an automobile insurance policy with Defendant that provides med-pay coverage for medical services provided as a result of the bodily injuries suffered by Plaintiff in an automobile accident, which constitutes a lawfully binding contract between Plaintiff and Defendant.

14.    Plaintiff has demanded performance under the contract.

15.    Defendant has failed to perform as required by the contract; thereby breaching the contract.

16.    Plaintiff has suffered actual damages as a result of Defendant's breach.

WHEREFORE, premises considered, Plaintiff prays that she have and recover judgment on her First Cause of Action for Breach of Contract, all as set forth hereinafter in her Combined Prayer for Relief.

## PLAINTIFF'S SECOND CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

17.    Plaintiff repeats, re-alleges and incorporates by reference each allegation set forth herein.

18.    Defendant, at all relevant times, owed and continues to owe Plaintiff an implied duty of good faith and fair dealing.

19.    Defendant's actions as aforesaid and as elsewhere set forth herein were in breach of the duty of good faith and fair dealing, and constitute thereby "bad faith".

20.    Defendant's bad faith conduct consists of, but is not limited to:

a.   Failure to fully, fairly and promptly investigate Plaintiff's claims;

b.   Unreasonably denying and/or withholding benefits under the policy;

c.   Misconstruing policy language against Plaintiff; and

d.   Failure to give Plaintiff's interests equal consideration.

21.   Upon information and belief, Plaintiff further alleges that the actions of Defendants during the handling of Plaintiff's claim was not an isolated event, but rather was consistent with approved company-wide practices or policies which reward and encourage the systematic reduction, delay or avoidance of the payment of claims.

22.   Defendant's actions were committed in bad faith against Plaintiff.

23.   As a direct result of Defendants' bad faith conduct, Plaintiff has sustained actual damages in excess of $10,000.00.

24.   Defendant's actions entitle Plaintiff to payment or reimbursement of legally incurred but unpaid medical expenses.

25.   Plaintiff has sustained additional consequential and general damages, including those for emotional distress and discomfort.

26.   Defendant's actions further entitle Plaintiff to an award of general damages for Defendant's bad faith conduct.

27.   Defendant's actions were undertaken with an evil mind and/or with conscious disregard for the harm to be occasioned by the Plaintiff.

28.   Defendant's actions, for the reasons stated, further entitle Plaintiff to an award of punitive damages.

4

## PLAINTIFF'S COMBINED PRAYER FOR RELIEF

29.   Plaintiff repeats, re-alleges and incorporates by reference each allegation set forth herein.

WHEREFORE, premises considered, Plaintiff demands a jury trial on all claims so triable, and prays that she have and recover judgment in this action against Defendant and for such other relief as follows:

AS TO PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:

a.   For a determination that Defendant breached its contract with Plaintiff;

b.   For an award of actual damages sustained thereby;

c.   For consequential damages;

d.   For Plaintiff's reasonable attorneys' fees, costs and interest; and

e.   For such additional and further relief as the Court deems proper under the circumstances.

AS TO PLAINTIFF'S SECOND CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING:

a.   For a determination that Defendant has breached the implied covenant of good faith and fair dealing in their contractual obligations with the Plaintiff;

b.   For an award of actual damages sustained thereby;

c.   For an award of general compensatory damages sustained thereby;

d.   For an award of punitive damages sustained thereby; and

e.   For Plaintiff's reasonable attorneys' fees, costs and interest thereon incurred in prosecution of this action, all in excess of $75,000.00.

Respectfully submitted,

Simone Gosnell Fulmer, OBA #17037
*Carin L. Marcussen, OBA #19869*
FULMER GROUP
P.O. Box 2448
Oklahoma City, OK  73101
Phone/Fax:  (405) 510-0077

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**